J. S15039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                v.            :
                                       :
JOSE MARTINEZ,               :          No. 1183 EDA 2017
                                       :
             Appellant     :

Appeal from the PCRA Order, March 20, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0410671-2001

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 16, 2018**

Jose Martinez appeals ***pro se*** from the March 20, 2017 order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

This matter stems from appellant's involvement in the February 20, 2000 shooting death of Angel L. Fuentes in Philadelphia.  The PCRA court summarized the relevant procedural history of this case as follows:

> On January 17, 2002, following a jury trial, before the Honorable Jane Cutler Greenspan, [appellant] was convicted of murder and possession of an instrument of crime ("PIC").[2]  On the same day, Judge Greenspan imposed a judgment of

---

[1] The Commonwealth has not filed a brief in this matter.

[2] 18 Pa.C.S.A. §§ 2502(a) and 907, respectively.

sentence of life imprisonment without parole for the murder conviction, to run concurrently with a term of one to two years for the PIC conviction. [Appellant] filed a direct appeal and the Pennsylvania Superior Court affirmed the trial court's judgment of sentence on May 23, 2003. [*See Commonwealth v. Martinez*, 829 A.2d 361 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 837 A.2d 1178 (Pa. 2003).] The Pennsylvania Supreme Court denied *allocatur* on November 13, 2003. [*Id.*]

[Appellant] filed his first *pro se* petition for collateral relief pursuant to the [PCRA] on May 26, 2004. Counsel, [Lee Mandell, Esquire,] was appointed and subsequently filed an amended petition. On January 14, 2005, the [PCRA] court dismissed [appellant's] PCRA petition. [Appellant] filed an appeal and Pennsylvania Superior Court affirmed the PCRA court's decision on December 20, 2005. [*See Commonwealth v. Martinez*, 894 A.2d 820 (Pa.Super. 2005) (unpublished memorandum), *appeal denied*, 903 A.2d 537 (Pa. 2006).] On July 25, 2006, the Pennsylvania Supreme Court denied *allocatur*. [*Id.*] [Appellant] filed a second PCRA petition on November 17, 2007, which was dismissed by the trial court on April 16, 2008. No appeal followed.

PCRA court opinion, 6/19/17 at 1-2 (footnotes omitted).

Appellant filed a third *pro se* PCRA petition on August 13, 2015. On December 22, 2016, appellant filed another petition, which was styled as a

writ of **habeas corpus**.[3]  On January 31, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1).  Appellant did not file a response to the PCRA court's Rule 907 notice.  Thereafter, on March 20, 2017, the PCRA court dismissed appellant's petition as untimely.  Appellant filed a timely **pro se** notice of appeal on March 29, 2017.  The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  On June 19, 2017, the PCRA court filed an opinion in support of its March 20, 2017 order.

Appellant raises the following issues for our review:

1.  Whether the [PCRA] court erred when it failed to grant relief as untimely?

2.  Whether [appellant's] alleged mental incompetence during which the statutory period for filing a [PCRA] petition expired may trigger the "after-discovered" evidence exception [to] the [PCRA] time-bar[]?

Appellant's brief at 3 (citation and capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is

---

[3] We note that the PCRA explicitly states that an action under the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including **habeas corpus**." 42 Pa.C.S.A. § 9542.  Plainly stated, "[u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of **habeas corpus**." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted).

supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). There is no absolute right to an evidentiary hearing. ***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). Lastly, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the

appellant[.]" ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on February 13, 2004, 90 days after our supreme court denied ***allocator*** and the time for filing a petition for writ of ***certiorari*** with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to comply with the filing requirements of the PCRA, appellant was required to file his petition by February 13, 2005. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's petition, filed August 13, 2015, is more than 10 years past the deadline and is patently untimely. As a result, the PCRA court lacked jurisdiction to review

appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section § 9545(b)(1).

The three narrow exceptions to the one-year time bar are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of one of these exceptions. *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citations omitted). "In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As best we can discern from his serial petition, the crux of appellant's argument is that the PCRA court erred in denying his petition as untimely because of the newly recognized constitutional rights announced in *Alleyne*

*v. United States*, 570 U.S. 99 (2013), and the Pennsylvania Supreme Court's subsequent decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).[4] (*Pro se* PCRA petition, 8/13/15 at 1-5.) This claim is meritless.

Appellant's reliance on *Alleyne* and *Hopkins* is of no avail because the constitutional rights examined in those cases have not been held to be retroactive by the Pennsylvania or United States Supreme Court. On the contrary, the courts in this Commonwealth have expressly rejected the notion that *Alleyne* applies retroactively to cases on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 814-815 (Pa. 2016) (holding that the *Alleyne* decision does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings); *Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa.Super. 2015) (stating that, "while this Court has held that *Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review"). Because *Alleyne* is not retroactive to cases pending on collateral review, the derivative cases

---

[4] In *Alleyne*, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103 (citation omitted). Thereafter, in *Hopkins*, a panel of this court held that 18 Pa.C.S.A. § 6317, requiring the imposition of a mandatory minimum sentence if certain drug crimes occur within 1,000 feet of a school, is unconstitutional under *Alleyne*. *Hopkins*, 117 A.3d at 262.

applying **Alleyne** also are not retroactive. **See**, **e.g.**, **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa.Super. 2016) (holding that, **Hopkins** did not announce a new rule for purposes of retroactive application to cases on collateral review but merely applied **Alleyne** to a particular mandatory minimum statute). Therefore, appellant fails to satisfy the newly-recognized constitutional right exception the PCRA time-bar. **See** 42 Pa.C.S.A. §9545(b)(1)(iii).

In his **pro se** brief, appellant all but abandons his **Alleyne** argument and cites **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004),[5] in support of his contention that his mental incompetence during the filing of his **pro se** petitions should qualify as a "newly-discovered fact" under Section 9545(b)(1)(ii). (**See** appellant's brief at 6-9.) Because appellant has advanced this issue for the first time on appeal, we find it waived and decline to address the merits. **See Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (concluding that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal); **see also** 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could

---

[5] In **Cruz**, our Supreme Court held that a petitioner who was suffering from a brain injury caused by a self-inflicted gunshot wound at the time of his **nolo contendere** plea was entitled to the opportunity to attempt to prove that he was incompetent during the one-year period for seeking relief under the PCRA. **Cruz**, 852 A.2d at 296-297. The **Cruz** court reasoned that the petitioner's mental incompetence qualified under the "after-discovered evidence" exception to the PCRA time-bar under Section 9545(b)(1)(ii), because it prevented him from discovering factual bases for his collateral claims. **Id.**

have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's untimely petition without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/18